**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREG A. HORTON, | No. 11-35683 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00264-HRH |
| v. | |
| STATE OF ALASKA WILDWOOD CORRECTIONAL CENTER, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, Senior District Judge, Presiding

Submitted August 30, 2012**
Anchorage, Alaska

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff Greg Horton appeals from the district court's dismissal of his suit against Defendant State of Alaska Wildwood Correctional Center. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Supreme Court has already decided the question before us, and has held that Congress did not validly abrogate the states' Eleventh Amendment immunity under Title I of the ADA. *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001).

*United States v. Georgia*, in which the Supreme Court held that Congress had validly abrogated the states' Eleventh Amendment immunity through Title *II* of the ADA, does not apply to this case. 546 U.S. 151, 159 (2006). The Supreme Court has explained the "significant differences" between Title I and Title II of the ADA, and noted that Title II, unlike Title I, looks to enforce a multitude of very basic constitutional rights, like the right of access to the courts. *Tennessee v. Lane*, 541 U.S. 509, 522–23 (2004). Thus, *Georgia* does not apply to this case.

**AFFIRMED.**